IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LODISE WADLEY, | CASE NO. 7:11CV00495 |
| Petitioner, | |
| | MEMORANDUM OPINION |
| vs. | |
| ADMINISTRATIVE REMEDY COORDINATOR, CENTRAL OFFICE, | By: James C. Turk |
| | Senior United States District Judge |
| Respondent. | |

Lodise Wadley, a federal inmate proceeding pro se, filed this petition for a writ of mandamus, pursuant to 28 U.S.C. § 1361. He alleges that he is entitled to mandamus relief from this court, directing an official employed by the Federal Bureau of Prisons ("BOP") to act on an administrative remedy appeal. Upon review of the submissions, the court concludes that this action must be summarily dismissed.

Wadley's submissions offer the following facts on which he bases his claim for mandamus relief. The criminal judgment under which he is confined ordered Wadley to pay a fine and that fine payments could be taken from wages that he earned in prison. Even after Wadley lost his prison job on October 7, 2009, however, BOP officials continued to withhold fine payments from whatever income Wadley received through gifts from family and friends. Wadley pursued administrative remedies, complaining that this collection process was in violation of the conditions set by the judgment order and asking that no further payments be collected in this manner.

Wadley pursued this claim through all levels of the BOP administrative remedies procedures, from informal resolution, to the warden, to the regional administrator, and finally, on appeal to the Central Office ("CO"). The CO issued a notice of receipt of Wadley's appeal

which indicated that a response was due by July 25, 2011.  The CO later issued a notice of extension, indicating that additional time was required to respond and that the response was now due on August 15, 2011.  Wadley signed and dated his mandamus petition on October 12, 2011, stating that he had not yet received a response from the CO on his appeal.  He asks the court to issue a mandamus, directing the administrative remedy coordinator at the CO to respond to his appeal.

The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means of relief and that his right to the relief sought is "clear and indisputable." Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989) (citations omitted).  Further, mandamus is a drastic remedy and should only be used in extraordinary circumstances.  Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir.1987).  Under 28 U.S.C. § 1915A(b)(1), the court must summarily dismiss a prisoner's civil action against government officials upon finding that it is frivolous.

At any level of the BOP administrative remedy procedure, officials have authority to extend the response time once.  28 C.F.R. § 542.18.  At the CO appeal level, the regulation authorizes one extension of 20 days, and if that extended deadline passes without the CO providing the inmate with a response to his appeal, he "may consider the absence of a response to be a denial at that level."  Id.

As stated, Wadley's request for relief is an order directing the CO official to respond to his appeal.  However, under § 542.18, the CO's failure to provide Wadley a response to his appeal by August 15, 2011 constituted a denial of his appeal.  Since his appeal to the CO has been constructively denied in this respect, Wadley fails to establish that he has any "clear and indisputable" right to receive any other response from the CO regarding his appeal.

Accordingly, the court concludes that he fails to establish a critical element necessary to warrant the only mandamus relief he seeks in this action and will summarily dismiss his petition, pursuant to § 1915A(b)(1), as legally frivolous.[1] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This ___ day of October, 2011.

/s/ James C. Turk
Senior United States District Judge

---

[1] In this action, Wadley does not directly seek a court ruling on whether the BOP is improperly withholding fine payments from his current income. If he wishes to pursue such relief, he may file a separate petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this court, clearly stating his challenge to the BOP's execution of his sentence and setting forth the facts he would offer in support.

3